IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JESUS M. CONTRERAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-00074-AGF |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jesus M. Contreras's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On April 20, 2015, Petitioner entered a plea of guilty to the offense of conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1). The Court accepted Petitioner's plea, and on July 24, 2015, sentenced Petitioner to 96 months in prison.

In his pro se motion under § 2255, Petitioner claims that trial counsel was ineffective for not "assist[ing] [Petitioner] in any positive way," such as not obtaining for him "any benefit of time reduction due to minor role, safety valve, or fast track program for deportable aliens." ECF No. 1 at 4. Petitioner also claims that "[b]ecause of [his] limited knowledge of English and the laws, [he] was not aware of the extent of [his] rights," such that his waivers of the right to appeal and the right to some forms of post-conviction relief in his plea agreement were not knowing, intelligent or voluntary. As the

record before the Court conclusively demonstrates that Petitioner is not entitled to relief, the Court will deny Petitioner's motion without a hearing.

## BACKGROUND

### Criminal Proceedings

As part of the guilty plea agreement signed by both parties, Petitioner stipulated to the following facts. Petitioner, Myrna Contreras, and Timmy Nathan Johnson knowingly entered into an agreement to distribute methamphetamine. As part of the agreement, Petitioner was to obtain quantities of methamphetamine, which he would then supply to Johnson for distribution in the southeast Missouri area. In furtherance of that agreement, Petitioner provided a quantity of methamphetamine to Myrna Contreras and instructed her to deliver it to Johnson in Pemiscot County Missouri, which she agreed to do.

On May 9, 2008, Myrna Contreras transported the methamphetamine into the United States from Canada at the Rainbow Bridge Port of Entry in Niagara Falls, New York. At the border, United States Customs Agents conducted a search of Myrna Contreras's vehicle, locating a plastic food cooler. Concealed inside the plastic walls of the cooler were 12 plastic bags containing a total of 361.8 grams of a mixture or substance which tested positive for the presence of methamphetamine.

Myrna Contreras told agents that she had been given the methamphetamine by Petitioner, who had instructed her to deliver it to Johnson in Pemiscot County, in the Eastern District of Missouri. Myrna Contreras indicated that Petitioner had made an agreement with Johnson to supply him with the methamphetamine for distribution in the

southeast Missouri area. *See United States v. Contreras*, No. 1:12-cr-00133-AGF, ECF No. 47 (E.D. Mo.).

On December 13, 2012, Petitioner was indicted on a single count of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). The charge carried a mandatory minimum sentence of not less than 10 years and not more than life. Petitioner initially pled not guilty.

As noted above, Petitioner changed his plea to guilty pursuant to a written plea agreement executed on April 20, 2015. Under the plea agreement, Petitioner pled guilty to a superseding information, which charged him with the lesser offense of conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. By virtue of this agreement, Petitioner was no longer subject to a mandatory minimum sentence.

At the change-of-plea hearing, Petitioner had the assistance of a Spanish language interpreter, and he stated that he could hear and understand the translation being provided. Petietioner represented to the Court that he had read, discussed with his attorney, and understood the terms of the superseding information and plea agreement, both of which had been translated into Spanish for him, and that he was guilty of the crime to which he was pleading guilty. He further confirmed that he was satisfied with the representation he received from his attorney, and that there was nothing he wanted his attorney to do for him that the attorney had not done in representing Petitioner. *Id.*, ECF No. 75 at 3, 6, 17-22, 45. Petitioner also represented that he understood that he would

3

normally have the right to contest both his conviction and his sentence in an appeal or post-conviction proceeding, but that in the plea agreement, he was waiving his right to appeal all non-jurisdictional, non-sentencing issues; his right to appeal all sentencing issues other than the calculation of his criminal history; and his right to contest his conviction or sentence in a post-conviction proceeding except for claims of prosecutorial misconduct and ineffective assistance of counsel. *Id.* at 23-25. The Court ascertained the factual basis for the guilty plea and found that the plea was knowing, intelligent, and voluntary. *Id.* at 46.

The sentencing was held on July 25, 2015. Again, an interpreter provided word-for-word translation, and Petitioner confirmed that he was able to hear and understand the translation provided. *Id.*, ECF No. 76 at 3. Under the United States Sentencing Guidelines ("Guidelines"), the total offense level was 25, and Petitioner had eight criminal history points, placing him in criminal history category IV. *Id.* at 7-8. Petitioner's final Guidelines sentencing range was 84 to 105 months' imprisonment. This range included a reduction in offense level based upon Petitioner's acceptance of responsibility and timely notifying the government of his intent to enter into a plea, and the range was less than it would have been under the original indictment. *Id.*, *See also id.*, ECF Nos. 63 & 65. As noted above, the Court sentenced Petitioner to 96 months' imprisonment, which was within the Guidelines range.

## **Motion to Vacate**

As noted above, Petitioner asserts that trial counsel was ineffective for not assisting Petitioner in any positive way, including not obtaining any reduction in sentence

"due to minor role, safety valve, or fast track program for deportable aliens." ECF No. 1 at 4. Petitioner also claims that the appeal and post-conviction waivers in his plea agreement were not entered into knowingly, intelligently, or voluntarily. The government responds that both of Petitioner's claims are without merit.

## DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A petitioner's ineffective assistance of counsel claim is properly raised under § 2255 rather than on direct appeal. *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006).

"To establish ineffective assistance during plea negotiations, the petitioner must show 'counsel's representation fell below an objective standard of reasonableness' and 'that such deficient performance prejudiced' the defense." *Davis v. United States*, 858 F.3d 529, 532 (8th Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Prejudice in this context requires the petitioner to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

"Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Meza-Lopez v. United States*, No. 929 F.3d 1041, 1045 (8th Cir. 2019) (citing *Lee v. United*

5

*States*, 137 S. Ct. 1958, 1967 (2017)). "Instead, judges should look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* In particular, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (citation omitted).

**Ineffective Assistance of Counsel (Claim 1)**

Petitioner's ineffective assistance of counsel claim is conclusory and plainly contradicted by the record. As a result of his entry into the plea agreement, with the assistance of counsel, Petitioner was charged with a lesser offense and received the benefit of a reduced Guidelines sentencing range and no mandatory minimum sentence. Petitioner does not explain why he would qualify for any further sentencing reduction due to "minor role, safety valve, or fast track program," what his attorney should have done differently to explore such options, or what prejudice he suffered as a result of any failure by his attorney in this regard.[1] Petitioner's conclusory allegations are simply insufficient to prove an ineffective assistance of counsel claim. *See, e.g.*, *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001).

Moreover, Petitioner's claims are contradicted by his repeated representations to the Court during the plea-taking that he was satisfied with his counsel's representation, that there were no questions he had that his counsel had not answered, and that there was nothing he asked his counsel to do that counsel had not done.

---

[1] Indeed, Petitioner's eight criminal history points would have precluded him from qualifying for the safety valve.

### Waivers of Appeal and Post-conviction Rights (Claim 2)

Petitioner's Claim 2 is likewise conclusory and without merit. Petitioner has offered nothing to contradict his representations during the plea-taking that the terms of the plea agreement were translated into Spanish and also explained to Petitioner by his attorney, and that Petitioner fully understood his rights with respect to the appeal and post-conviction proceedings that he was giving up.

### Evidentiary Hearing

As noted above, an evidentiary hearing is not warranted in this case as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *see also Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017).

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Jesus M. Contreras's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2019.